# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

March 5, 2006

Richard S. Panitch
Panitch & Rachinsky, LLC
330 Milltown Road, Suite W-11
East Brunswick, New Jersey 08816

    (*Attorney for Plaintiff*)

Kathryn V. Hatfield
Schenck, Price, Smith & King LLP
10 Washington Street
Morristown, New Jersey 07963

    (*Attorney for Defendant*s)

    Re:   *Maryjean Butler v. Union County Prosecutor's Office, et al.*
           Civil Action No. 05-1453 (WJM)

Dear Litigants:

    This matter comes before the Court on Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. Rule 56. There was no oral argument. *See* Fed. R. Civ. P. 78. For the reasons set forth below, the Defendants' motion is **GRANTED IN PART,** Plaintiff's remaining state law claims are **REMANDED**, and Plaintiff's complaint is **DISMISSED** with prejudice.

**I.    BACKGROUND**

    The facts of this case arise from staffing changes in the Union County Prosecutor's Office following the appointment of a new Union County Prosecutor. Against this background, Plaintiff, Maryjean Butler, brings this age discrimination lawsuit. Plaintiff claims that Defendants' decision to reassign her and pass her over for promotion was impermissibly based

on her age in violation of the Age Discrimination and Employment Act as amended, 29 U.S.C. § 621, *et seq.* ("ADEA") and New Jersey state law.[1] (Pl.'s Compl. 14-15.)

Plaintiff is a fifty-three-year-old woman and is employed as the Chief Clerk for the Union County Prosecutor's Office. (Butler Dep. 5, 10-11.) As Chief Clerk, Plaintiff was responsible for supervising the clerical staff in Elizabeth, NJ. (*Id*. at 36-37.) Plaintiff held this position from her appointment in February 1994 until staffing reassignments were made following Defendant Theadore Romankow's arrival at the Prosecutor's Office. (*Id*., Defs.' Statement of Material and Undisputed Facts 2.)

On July 26, 2002, Defendant Romankow was appointed Prosecutor of Union County. (Romankow Dep. 4.) After taking office, Defendant Romankow made several structural changes to the Prosecutor's Office including various reassignments to legal, detective, and clerical staff. (Butler Dep. 42.) In May 2003, after consultation with senior staff, Defendant Romankow decided to reassign Plaintiff to the police academy in Scotch Plains, N.J. and place Plaintiff in charge of in-service training. (Romankow Dep. 21, 32, 35-36.) In addition to a change in venue, this transfer resulted in changes to Plaintiff's duties including a reduction in the number of employees that she supervised from approximately sixty-five employees to two employees. (Butler Dep. 37, 48; Pl.'s Br. 8.) This reassignment, however, did not change Plaintiff's title as Chief Clerk, and her salary has only increased since the reassignment. (Butler Dep. 12, 123; Cernadas Dep. 52.)

Defendant Romankow directed First Assistant Prosecutor Albert Cernadas to communicate Plaintiff's reassignment to her. (Romankow Dep. 33-34.) On May 27, 2003, Defendant Cernadas told Plaintiff that she was being transferred to the police academy effective July 1, 2003 due to "new administration." (Butler Dep. 84.) In response to Plaintiff's comment that she thought she was doing a good job, he stated, "there's always somebody that can do it better." (*Id*.) Further, Defendant Cernadas said, "We're telling you now because we know you are eligible for the retirement package, in case you change your mind." (*Id*. at 87-88.)

The retirement package referenced by Defendant Cernadas was Union County's early retirement program. Around April or May 2002, Plaintiff had expressed interest in learning more about the program. (*Id*. at 52-53, 57.) Shortly thereafter, Plaintiff requested a one-year extension of the applicable deadline for participating in the early retirement program. (*Id*. at 57.) An extension was granted until June 1, 2003. (*Id*.) Plaintiff stated that she orally notified Defendant Romankow in November 2002 that she did not intend to retire. (*Id*. at 52.) On June 2, 2003, she officially declined participation in the retirement program by written memorandum a few days after Defendant Cernadas notified Plaintiff of her reassignment. (Hatfield Aff. Ex. 8.)

---

[1] Plaintiff's state law claims include age discrimination and retaliatory conduct under the New Jersey Law Against Discrimination, *N.J.S.A*. 10:5-1, *et seq*., and breach of an implied employment contract. (Pl.'s Compl. 6-11, 16.) Her additional state law claims of intentional and negligent infliction of emotional distress were affirmatively abandoned. (Pl.'s Br. 14.) Accordingly, the Court will **DISMISS** Counts Four and Five of Plaintiff's complaint.

Ms. Dina Apuzzio, formerly the Assistant Chief Clerk, assumed Plaintiff's duties at the Prosecutor's Office upon Plaintiff's reassignment. (Butler Dep. 116; Cernadas Dep. 27-29.) Approximately two years later, Ms. Apuzzio was officially promoted to the position of Office Supervisor over Plaintiff. (Cernadas Dep. 21.) Ms. Apuzzio is approximately eight years younger and has less years experience than Plaintiff. (Butler Dep. 134; Cernadas Dep. 65.) Ms. Apuzzio, however, was deemed qualified for the Office Supervisor position by the Merit System Board before her official promotion. (Hatfield Supplemental Aff. Ex. C; Cernadas Dep. 22-23.)

On February 9, 2004, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination and retaliation for her decision not to retire. (Hatfield Aff. Ex. 9.) The EEOC complaint was administratively dismissed with an accompanying right-to-sue letter. (Hatfield Aff. Ex. 10.) This complaint was originally filed in the Superior Court of New Jersey. (Pl.'s Compl. 1.) Pursuant to 28 U.S.C. § 1446(a), Defendants timely removed this case to the District of New Jersey based upon the ADEA claim.

Defendants' motion for summary judgment is now before the Court.

## II.     DISCUSSION

### A.     **Summary Judgement Standard**

Summary judgment eliminates unfounded claims without resorting to a costly and lengthy trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). However, a court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of showing that no genuine issue of material fact exists rests initially on the moving party. *Celotex*, 477 U.S. at 323. A litigant may discharge this burden by exposing "the absence of evidence to support the nonmoving party's case." *Id.* at 325. In evaluating a summary judgment motion, a court must view all evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976).

Once the moving party has made a properly supported motion for summary judgment, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The substantive law determines which facts are material. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* No issue for trial exists unless the nonmoving party can demonstrate sufficient evidence favoring it such that a reasonable jury could return a verdict in that party's favor. *Id.* at 249.

### B.    ADEA Claim

Plaintiff claims that Defendants discriminated against her because of her age, and as a result of such discrimination, she suffered adverse employment actions in violation of the ADEA. (Pl.'s Compl. 14.)  The ADEA prohibits an employer from intentionally discriminating against a qualified individual over the age of forty because of the employee's age "with respect to his compensation, terms, conditions, or privileges of employment." 29 U.S.C. § 623(a)(1).  A link between the adverse action and the intent to discriminate is the linchpin of liability under the ADEA, and thus, a plaintiff must provide evidence that age "actually motivated" or "had a determinative influence on" the employer's adverse employment decision.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000)(quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)).

In order to survive summary judgment on a claim under the ADEA, a plaintiff must either (1) provide direct evidence of age discrimination or (2) present a case of indirect age discrimination satisfying the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Fakete v. Aetna, Inc.*, 308 F.3d 335, 337-38 (3d Cir. 2002). In this case, Plaintiff has failed to provide sufficient evidence of age discrimination under either methods of proof.  The Court is particularly troubled by the lack of evidence linking Defendants' actions to animus regarding Plaintiff's age.  Furthermore, the Court is not persuaded by Plaintiff's attempt to save her claim by arguing that Defendants' age-neutral justifications were pretextual.  Accordingly, Defendants' motion for summary judgement on the ADEA claim is **GRANTED**.[2]

### 1. Direct Evidence

Plaintiff argues that (1) Defendant Cernadas's statements that someone else could do it better and that Plaintiff could retire or transfer, and (2) Defendants' promotion of Ms. Apuzzio over Plaintiff are evidence of direct age discrimination.[3]  Direct evidence "means evidence sufficient to allow the jury to find that "the 'decision makers placed substantial negative reliance on [the plaintiff's age] in reaching their decision.'" *Fakete v. Aetna*, 308 F.3d 335, 338 (3d Cir. 2002).  Statements may be direct evidence if they link the discriminatory intent with the adverse action.  *Id*. (direct evidence includes statements like the defendant was "'looking for younger

---

[2] There is no individual liability under the ADEA.  *See Hill v. Borough of Kutztown*, 455 F.3d 225, 247 n.29 (3d Cir. 2006).  Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's ADEA claim against the individual defendants on this alternative ground.

[3] Defendants correctly point out that Plaintiff did not raise her failure to promote claim in either Plaintiff's complaint or in her EEOC charge.  (Defs.' Reply Br. 4.)  They argue that Plaintiff, therefore, has failed to exhaust her administrative remedies.  (*Id*.)  Although the Court notes that *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394 (3d Cir. 1976) and *Swierkiewicz v. Sorema*, 534 U.S. 506, 513 (2002) counsel inclusion of Plaintiff's failure to promote claim, the Court need not address this particular issue as Plaintiff's failure to promote claim fails to survive summary judgment.

single people' and that, as a consequence, [Plaintiff] 'wouldn't be happy [at Employer] in the future;'" or defendant "might replace her with someone 'younger and cheaper.'")(citing *Rose v. NY City Bd. of Educ.*, 257 F.3d 156, 158, 162 (2d Cir. 2001)).

It is clear to this Court that Defendants' statements and conduct cannot be construed as direct evidence of age animus. First, Defendant Cernadas's statements were facially neutral. Defendant Cernadas, after informing Plaintiff about her transfer, said "we're telling you now because we know you are eligible for the retirement package, in case you change your mind." (Butler Dep. 87-88.) Defendant Cernadas did not say–nor could a fact-finder reasonably read his statement to imply–that someone *younger* could do a better job or that the transfer was because of Plaintiff's age or eligibility for retirement.[4] Furthermore, Defendant Romankow's testimony supports a neutral reading of Defendant Cernadas's statement. Defendant Romankow testified:

> I didn't want [Plaintiff] to find out at the last minute that I was going to transfer her and then she would have lost her pension opportunity. So I wanted her to know that. And I think, as I recall, directed Mr. Cernadas to tell her that, which I believe that he did, in fairness to her.

(Romankow Dep. 33.) An inquiry by a supervisor into an employee's retirement plan, without more, is not age discrimination. *See Glanzman v. Metropolitan Management Corp.*, 391 F.3d 506, 513 (3d Cir. 2004). Similarly, a remark regarding an employee's option to accept a retirement package for which she earlier expressed interest, without more, cannot constitute age discrimination. Thus, Plaintiff's argument is entirely unpersuasive.

Second, the factual predicate of Plaintiff's claim, that Defendants promoted an unqualified candidate over Plaintiff, is unsubstantiated. Ms. Apuzzio assumed Plaintiff's duties as Chief Clerk (but not by title) on July 1, 2003. (Butler Dep. 116.) Ms. Apuzzio was promoted, in a provisional capacity, to Office Supervisor on June 21, 2004, and a change in pay grade was made on December 21, 2004. (Defs.' Resp. To Pl.'s Counter-Statement of Material and Undisputed Facts 11; Hatfield Supplemental Aff. Ex. C.) In April 2005, the Department of Personnel announced a promotional examination for the Office Supervisor position that both Plaintiff and Ms. Apuzzio took. (Panitch Cert. Ex. C; Hatfield Supplemental Aff. Ex. C.) Initially, Ms. Apuzzio was not deemed to qualify for the examination because the Division of Selection Services credited her with only two years and five months supervisory experience. (Hatfield Supplemental Aff. Ex. C.) After an appeal, the Merit System Board reversed this determination and stated that Ms. Apuzzio's supervisory experience from a prior position should have been considered. (*Id.*) Thus, the Merit System Board considered Ms. Apuzzio qualified for the

---

[4] Plaintiff's argument that this statement was an "ultimatum" of "retire or else" is without any factual foundation. Defendant Romankow stated, and Plaintiff does not contest, that regardless of Plaintiff's decision to retire, he intended to reassign her. (Romankow Dep. 32-33.) In short, there was no demand for Plaintiff to retire, nor conditioning of her position in Elizabeth, N.J. on her decision to retire. A statement that an alternative choice of action exists is not an ultimatum.

5

position of Office Supervisor on September 22, 2005.  (*Id*.)  On October 6, 2005, Ms. Apuzzio passed the Department of Personnel examination.  (*Id*.)  As Plaintiff only argues that she was passed over for promotion by a younger person who was not eligible for promotion, and that fact not being in evidence, Plaintiff's argument that Ms. Apuzzio's promotion is direct evidence of age discrimination cannot be sustained.

For the reasons articulated above, Plaintiff's claim that direct evidence supports her opposition to Defendants' motion to dismiss is without merit.

### 2. McDonnell Douglas Test

In order to survive summary judgment on an ADEA claim based on less than direct evidence, a plaintiff must be able to proceed under the three-step *McDonnell Douglas* framework.  First, a plaintiff must establish a prima facie case of discrimination.  *Fasold v. Justice*, 409 F.3d 178, 184 (3d Cir. 2005).  Second, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment decision.  *Id*.  If the employer articulates such a reason, then, the plaintiff must provide sufficient evidence to "allow a reasonable finder of fact to find by a preponderance of the evidence that the employer's proffered reasons are false or pretextual."  *Id*.  A plaintiff may meet this burden and "defeat a motion for summary judgement by either (I) discrediting the proffered reasons, either circumstantially or directly, or (ii) adducing evidence, whether circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of the adverse employment action."  *Id*. (citing *Fuentes v. Perskie*, 32 F.3d 759 (3d Cir. 1994)).  Although a plaintiff "cannot simply show that the employer's decision was wrong or mistaken since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent," a plaintiff need not "come forward with additional evidence of discrimination beyond [her] . . . prima facie case" if the plaintiff can raise sufficient evidence to "discredit the [employer's] proffered reasons."  *Id*. (citing *Fuentes*, 32 F.3d at 765).

To establish a prima facie case of age discrimination under *McDonnell Douglas*, a plaintiff must prove by a preponderance of the evidence that: (1) plaintiff is over 40 years old; (2) plaintiff is qualified for the position in question; (3) plaintiff has suffered an adverse employment decision; and (4) plaintiff was replaced by a sufficiently younger person to permit a reasonable inference of age discrimination.  *See McDonnell Douglas*, 411 U.S. at 802; *see also Fasold*, 409 F.3d at 184.

Plaintiff undoubtedly meets the first criteria, as she was fifty-one years old at the commencement of this suit.  (Pl.'s Compl. 3.)  Additionally, there is no question that Plaintiff legitimately held the supervisory position from which she was reassigned and that she met the eligibility qualifications for Office Supervisor.  The Court, however, notes that Plaintiff may not have been qualified for either position on a qualitative basis as the deposition of Defendants revealed that her supervisory skills were unsatisfactory.  (Romankow Dep. 11-13; Cernadas Dep. 15-20.)  Nevertheless, the Court, in viewing the facts and reasonable inferences in favor of

Plaintiff, will proceed with the assumption that Plaintiff was qualified for her former position at Elizabeth, N.J. and as Office Supervisor.

As to whether Plaintiff suffered an adverse employment decision, there is considerable argument by Defendants. Although the type of adverse employment action that meets the required materiality standard is often one that results in economic injury, it can also include, among others, "reassignment with significantly different responsibilities," "failure to promote," "a less distinguished title," "a material loss of benefits," and "significantly diminished material responsibilities." *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). In contrast, an employment action is not materially adverse if it merely bruises the ego, results in a demotion without change of pay, benefits, duties, or prestige, or leads to a merely inconvenient reassignment. *Id*.

Defendants argue convincingly that Plaintiff's reassignment was not a "materially adverse" employment action because Plaintiff kept her title, her compensation remained the same (with subsequent increases over the years), and that the conditions and privileges of her employment were not altered. (Defs.' Reply Br. 7-8.) In opposition, Plaintiff points to several changes, including her supervisory role (from a staff of sixty-four to two), her ability to write memos to staff without permission, her ability to attend a leadership conference, the changed conditions of her working environment, and her potential for growth and salary increase. (Pl.'s Br. 8-9.) The Court, however, need not address this issue as Defendants' failure to promote Plaintiff clearly meets the definition of a materially adverse employment action. Therefore, the Court continues with an examination of the fourth and final criteria of a prima facie case.

The last inquiry requires this Court to consider whether Plaintiff was replaced by a sufficiently younger person to create a reasonable inference of age discrimination. *See Fasold*, 409 F.3d at 184. At the time of Plaintiff's reassignment, Ms. Apuzzio was approximately forty-one years old and eight years younger than Plaintiff. In the Third Circuit, a difference of eight years meets this requirement. *See Showalter v. Univ. of Pittsburgh Med. Ctr*., 190 F.3d 231, 236 (3d Cir. 1999). Thus, this element of the prima facie case has been met by Plaintiff.

At this juncture, the Court finds that Plaintiff has technically met the relatively light burden of production regarding its prima facie case. The Court is troubled, however, by the striking lack of evidence regarding any indication of age animus or pretext surrounding this case. The Court, however, is mindful that it should not place too onerous a burden on a plaintiff at this stage of its inquiry, and thus, the Court will proceed under the second step of *McDonnell Douglas*. *See Texas Dept. of Comty. Affairs v. Burdine*, 450 US 248, 253 (1981).

At the second step, Defendants have articulated a legitimate non-discriminatory reason for their adverse employment decisions, namely, that Defendants were dissatisfied with Plaintiff's job

7

performance as Chief Clerk.[5]  More specifically, Defendants Cernadas and Romankow testified that: (1) morale was low in the office because Plaintiff did not address personality conflicts, late arrivals and early departures of staff, and "back-biting" among clerical staff; (2) Plaintiff failed to encourage training and cross-training of clerical staff; (3) Plaintiff made poor hiring recommendations; and (4) Plaintiff seemed unable to supervise well.  (Defs.' Br. 2, 12-13, 15; Defs.' Reply Br. 8; Cernadas Dep. 12-27, 33-34, 36; Romankow Dep. 11-17, 20, 25-27, 32.) They testified that such problems with morale, training, and hiring improved once Ms. Apuzzio assumed Plaintiff's duties and was promoted to Office Supervisor.  (Cernadas 15; Romankow 15-21.)

Step three shifts the burden of production back to Plaintiff to show that Defendants' proffered age-neutral reasons are not credible or are merely pretextual.  To meet this burden, a plaintiff must provide sufficient evidence demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" that a reasonable fact-finder could rationally find Defendants' proffered reasons unworthy of credence, and therefore, infer that the Defendants did not act for their stated non-discriminatory reason.  *See Tomasso v. The Boeing Company*, 445 F.3d 702, 706, 709 (3d Cir. 2006)(quoting *Fuentes*, 32 F.3d at 765).  At the summary judgment stage, if the employer's proffered reasons are discredited, the employee is under no obligation to show further proof of discrimination.  *See Fasold*, 409 F.3d at 185-188.  The employee, however, maintains the ultimate burden of persuading a fact-finder that age animus was the motivating factor in her adverse employment action.  *Id*.

The Court finds unavailing Plaintiff's attempts to discredit Defendants' proffered non-discriminatory reasons.  In essence, Plaintiff argues that Defendants' dissatisfaction with her performance was unfounded and internally inconsistent.  Plaintiff, however, does not deny that Defendants had certain expectations in supervision and performance which Plaintiff did not meet, nor does Plaintiff deny Defendants' observations that there was bad morale and lack of training

---

[5] In addition to her adverse reassignment claim, Plaintiff asserts a failure to promote claim based upon two facts: (1) Plaintiff was qualified for the position; and (2) Ms. Apuzzio was not qualified for the position.  (Pl.'s Br. 5, 7.)  Plaintiff argues that the promotion of a person not on the civil service eligibility list, Ms. Apuzzio, to the Office Supervisor position, and Defendants' failure to "consider the various merits of individuals up for promotion" is direct evidence of discrimination and further evidence of an intent to discriminate.  (*Id*.)  Defendants attack both factual premises arguing that: (1) Plaintiff was not considered for the position because Defendants were dissatisfied with her performance as Chief Clerk; and (2) Ms. Apuzzio was best qualified for the position of Office Supervisor. (Defs.' Reply Br. 8-9.)  As noted earlier, Defendants have provided evidence that Ms. Apuzzio, after an appeal to the Merit System Board, was deemed qualified for the position before her official appointment.  (Hatfield Supplemental Aff. Ex. C.)  Although Defendants did not conduct an interview or formally compare the two eligible candidates, Defendant Cernadas stated that Ms. Apuzzio was the best qualified candidate for the position of Office Supervisor due to their evaluation of her past performance and their dissatisfaction of Plaintiff's past performance.  (Cernadas Dep. 14-15, 24.)  As Plaintiff does not contend that Defendants were required to follow a particular procedure in selecting a candidate after a candidate is deemed eligible for the position, Plaintiff cannot claim that Defendants' decision to choose Ms. Apuzzio over Plaintiff was evidence of an intent to discriminate. Therefore, the only remaining issue is whether Defendants' proffered reason–dissatisfaction with Plaintiff's work–is credible and not pretextual.

among the clerical staff, and that she made some poor hiring recommendations.  Rather, Plaintiff retorts by claiming that such issues were not ultimately her fault or responsibility, and that Defendants never raised such issues with her.  The Court considers her arguments in turn.

      First, Plaintiff argues that prior to Defendants' decision to reassign her, she had only satisfactory performance reviews.  (Pl.'s Br. 5-6.)  Although a history of satisfactory performance reviews may be useful in evaluating the consistency and truthfulness of an employer's emergent claim of poor performance, in a case involving a change in management or administration, it is a less useful frame of reference.  Here, a new administration headed by Defendant Romankow, with its own set of expectations, came into management.  There is no evidence of inconsistency in Defendants' claim that based upon their administration's experience and expectations, Plaintiff failed to meet their standards of satisfactory performance.  Defendant Romankow testified that he was only interested in "current" performance not past evaluations.  (Romankow Dep. 24.)  Furthermore, Plaintiff has not pointed to any affirmative evidence, other than an absence of negative feedback, that would contradict Defendants' assertions that Defendant Romankow was not satisfied with Plaintiff's performance.  To the contrary, Defendants Romankow and Cernadas identified several areas where Plaintiff's performance was found lacking.  Plaintiff's argument regarding her history with prior administrations does not compel a reasonable fact-finder to discredit Defendants' proffered reasons for her reassignment and failure to promote.

      Second, Plaintiff finds import in the fact that Defendants made no attempt to communicate their dissatisfaction with Plaintiff's performance to her.  (Pl.'s Br. 8-9.)  Although communication of dissatisfaction may be wise as a matter of good management, a plaintiff in discrediting a non-discriminatory reason "cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent or competent."  *Fuentes*, 32 F.3d at 765.  If Plaintiff had evidence that other staff members had their deficiencies or expectations communicated to them and were given an opportunity to improve their performance before being reassigned, or if Plaintiff had received only positive feedback from Defendants regarding her performance or was encouraged to continue with her performance, a case may be made for inconsistency or pretext.  A failure to alert Plaintiff to perceived problems in her job performance alone, however, cannot be sufficient reason to disbelieve Defendants' proffered justifications.

      Third, Plaintiff argues that Defendants' complaints of her poor performance in identifying and making recommendations to correct bad morale and lack of training among clerical staff as well as making poor hiring recommendations are pretextual or lack credence, because Defendants held the ultimate and independent authority to correct these issues.  (Pl.'s Br. 5-8.)  In her argument, Plaintiff mistakes complaints of her supervisory role in identifying areas in need of improvement and making recommendations for such improvements as complaints of failure to implement improvements.  Defendant Romankow expected Plaintiff in her role as supervisor to identify problems among clerical staff and make suggestions for improvement.  (Romankow Dep. 20, 28-30.)  As an illustration of Defendants' expectations, Defendant Romankow cited Ms. Apuzzio's identification of and suggestions for improving morale that he later implemented.  (*Id*.

9

16-20.)  As Plaintiff does not contend that she made similar suggestions or identified other problem areas, Plaintiff cannot claim that she met Defendants' expectations for satisfactory performance.  Further, Plaintiff does not argue that such expectations were unreasonable.  Therefore, the Court does not find Defendants' complaints internally inconsistent or evidence of pretext.

Finally, Plaintiff states that the circumstances of Defendant Cernadas's ultimatum give rise to an inference of discriminatory motive.  (Pl.'s Br. 5-8.)  As discussed above, this Court does not construe Defendant Cernadas's statement as an ultimatum but rather as a statement of factual alternatives.  Plaintiff's reference to *Fakete* is inapt.  308 F.3d at 339.  In *Fakete*, the defendant explicitly made statements that he was "looking for younger single people."  *Id*.  Here, the statements made by Defendants noticeably lack any reference to Plaintiff's age and cannot be construed as a proxy for age.  Thus, a reasonable fact-finder could not rationally conclude that the circumstances surrounding Defendants' reassignment of Plaintiff indicate Defendants' discriminatory motive.

In sum, Plaintiff has not provided sufficient evidence to cast doubt on Defendants' non-discriminatory reasons and fails to create a genuine issue of material fact under step three of the *McDonnell Douglas* framework.  Therefore, Plaintiff cannot sustain her ADEA claim under the summary judgement standard.  Accordingly, the Court will grant summary judgment on the ADEA claim and dismiss Count Six of Plaintiff's complaint with prejudice.

### C. State Law Claims

In addition to the ADEA claim, Defendants move for summary judgment on the remaining pendent state law claims.  For reasons of comity, this Court will exercise its discretion and remand the remaining pendent state law claims to the Superior Court of New Jersey, Union County where this action was originally filed.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988).

### III. CONCLUSION

**In light of the foregoing reasons, Defendants' motion for summary judgment on Count Six is granted and is dismissed with prejudice.  In addition, Plaintiff has consented to the dismissal of Counts Four and Five.  (Pl.'s Br. 14.)  The remaining state law claims contained in Counts One, Two, Three, and Seven will be remanded to state court.  An appropriate order follows.**

                                        s/William J. Martini

                                        **William J. Martini, U.S.D.J.**